T.C. Summary Opinion 2021-8

UNITED STATES TAX COURT

IVAN T. CLOVER AND ESTHER O. CLOVER, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14944-18SL.                    Filed April 14, 2021.

Ivan T. Clover and Esther O. Clover, pro sese.

Susan T. Mosley and Catherine J. Caballero, for respondent.

SUMMARY OPINION

GUY, Special Trial Judge:  This collection review case was heard pursuant

to the provisions of section 7463 of the Internal Revenue Code in effect when the

petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not

_____

[1]Unless otherwise indicated, all section references are to the Internal

(continued...)

reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

The Internal Revenue Service (IRS) Office of Appeals (Appeals Office) issued a notice of determination to petitioners sustaining a proposed levy action to collect unpaid Federal income tax and related assessments for the taxable years 2012, 2013, and 2014 (years in issue). Petitioners, husband and wife, invoked the Court's jurisdiction by filing a timely petition for review under section 6330(d). Petitioners resided in California when the petition was filed.

## Background

I. Petitioners' Tax Returns[2]

A. 2011

Petitioners filed a timely joint Federal income tax return for the taxable year 2011 reporting tax due of $7,203. Petitioners failed to remit full payment with

---

[1](...continued)
Revenue Code of 1986, as amended and in effect at all relevant times. All monetary amounts are rounded to the nearest dollar.

[2]The record includes Forms 4340, Certificate of Assessments, Payments, and Other Specified Matters, or similar types of transcripts of account, summarizing the actions taken in petitioners' accounts for the taxable years 2008 to 2014.

their tax return. Respondent subsequently assessed the reported tax, additions to tax for failure to timely pay and failure to pay estimated tax, and interest.

### B. 2012, 2013, and 2014

Petitioners filed timely joint Federal income tax returns for 2012, 2013, and 2014 reporting tax due of $3,910, $3,904, and $4,835, respectively. Petitioners failed to remit full payment with their tax returns. Respondent subsequently assessed the reported tax, additions to tax for failure to timely pay and failure to pay estimated tax, and interest, for each of those taxable years.

## II. Collection Due Process

On November 27, 2017, the IRS sent a notice of intent to levy to petitioners regarding the unpaid tax, additions to tax, and interest for the years in issue. In a timely request for an administrative hearing, petitioners stated in relevant part that they were unable to pay the tax due for the years in issue and asserted that they "were not liable" for the amounts that the IRS was seeking to collect because they had already paid over $16,840 for the years in issue. Petitioners submitted a schedule to the Appeals Office listing payments (by check number, date, and amount) which they believed the IRS had misapplied.

On April 20, 2018, petitioners' representative participated in an Appeals Office administrative hearing. In response to petitioners' claim that the IRS had

failed to properly account for certain payments for the years in issue, the Appeals Office provided transcripts of account for the taxable years 2008 to 2014 and requested that petitioners submit copies of canceled checks related to any payments that they believed had been misapplied.

On May 23, 2018, not having heard from petitioners, the Appeals Office again requested that they submit copies of any checks related to purportedly misapplied payments and indicated that petitioners could enter into a streamlined monthly payment plan of $179 for the years in issue if they submitted Form 433-D, Installment Agreement, on or before June 11, 2018. Petitioners subsequently submitted Form 433-D to the IRS for the taxable years 2012 to 2015 and 2017. The IRS did not agree to this proposed installment agreement.

As of June 29, 2018, not having received any additional information from petitioners, the Appeals Office closed the administrative proceeding. About that same time, petitioners' representative sent a letter to the Appeals Office enclosing copies of numerous canceled checks and stating that petitioners were willing to enter into a streamlined payment plan. On July 3, 2018, the Appeals Office issued the notice of determination at issue in this case sustaining the proposed levy action for the years in issue.

III. Petitioners' Canceled Checks

The record includes the canceled checks that petitioners belatedly submitted to the Appeals Office in support of their claim that the IRS had misapplied payments for the years in issue. None of the checks designates or otherwise specifies the taxable year or the unpaid tax liability to which the payments should be applied.

## Discussion

Section 6330 provides procedures for administrative and judicial review of the Commissioner's proposed levy actions. Any person receiving a notice of proposed levy may request an administrative hearing with the Appeals Office. The Appeals Office in turn is obliged to verify that the requirements of any applicable law or administrative procedure have been meet. Sec. 6330(c)(1), (3)(A). The person may raise at the administrative hearing any relevant issue relating to the unpaid tax or the collection action, including challenges to the appropriateness of the collection action and offers of collection alternatives. Sec. 6330(c)(2)(A), (3)(B). The person may also raise at the hearing challenges to the existence or amount of the underlying liability if the person did not receive a statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such liability. Sec. 6330(c)(2)(B). Finally, the Appeals

Office must consider whether the collection action balances the need for efficient collection against the person's concern that collection be no more intrusive than necessary. Sec. 6330(c)(3)(C).

Section 6330(d) vests the Court with jurisdiction to review administrative determinations in collection actions. Where the underlying tax liability is properly at issue, we apply a de novo standard of review. Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). We review issues that do not relate to the underlying tax liability for abuse of discretion. Id. at 182. An abuse of discretion occurs if the Appeals Office exercises its discretion "arbitrarily, capriciously, or without sound basis in fact or law." Woodral v. Commissioner, 112 T.C. 19, 23 (1999).

Respondent seeks to collect petitioners' unpaid tax, additions to tax, and interest for the years in issue. Although petitioners maintain that they challenged the amount of their underlying tax liabilities for the years in issue before the Appeals Office, the administrative record does not include any evidence of such a claim. The record reflects that petitioners first asserted that they may have incorrectly reported tax due for the years in issue only after the Appeals Office had completed its administrative review. Consequently, petitioners' attempt to challenge the amount of their underlying tax liabilities is beyond the scope of our review in this case. See Giamelli v. Commissioner, 129 T.C. 107, 114-115 (2007).

Petitioners did assert, however, that the proposed levy action should not be sustained because the IRS had misapplied their payments and a proper accounting would show that they fully paid the amounts assessed for the years in issue. The record shows otherwise.

Petitioners sent numerous checks to the IRS without designating the specific taxable period to which the payments were to be applied. Under the circumstances, the IRS was free to "apply the payment to periods in the order of priority that the Service determines will serve its best interest." See Rev. Proc. 2002-26, sec. 3.02, 2002-1 C.B. 746, 746. The record reflects that the IRS properly applied petitioners' payments to offset their unpaid tax, additions to tax, and interest duly assessed for the taxable year 2011, with the balance of the payments applied to the years in issue and taxable years thereafter.

As a final matter, petitioners assert that they accepted the Appeals Office's offer to enter into a streamlined installment payment plan. The record shows that the Appeals Office offered petitioners a streamlined installment plan for the years in issue, whereas petitioners countered with an offer to enter into an installment plan for the years in issue as well as the taxable years 2015 and 2017. The Appeals Office did not accept petitioners' proposed installment agreement.

On this record, we conclude that the Appeals Office did not abuse its discretion in sustaining the proposed levy action.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.